COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SETH AARON MUNOZ, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALLY BANK, a Foreign Corporation; BARCLAYS BANK DELAWARE, a Foreign Corporation; EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company; EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation; and TRANS UNION LLC, a Foreign Limited-Liability Company,<br><br>　　　　　　　Defendants. | **COMPLAINT<br>AND JURY DEMAND** |

　　　Plaintiff, Seth Aaron Munoz (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.　PRELIMINARY STATEMENT**

　　　1.　This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant does business within the area of the District of Nevada, is subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

4. Plaintiff is a natural person and resident of the State of Nevada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. This matter involves three entities in the business of furnishing credit reports. Equifax, Experian, and Trans Union will be collectively known as the "Credit Bureaus."

7. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

8. Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

9. Upon information and belief, Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign entity incorporated under the laws of the State of California and authorized to do business in the State of Nevada.

10. Upon information and belief, Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

11. Upon information and belief, Defendant, Trans Union LLC (hereinafter "Trans Union"), is a foreign entity licensed in the State of Illinois and authorized to do business in the State of Nevada.

12. Upon information and belief, Defendant, Trans Union, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

13. Upon information and belief, Ally Bank (hereinafter "Ally" or "the Furnisher") is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Nevada.

14. Upon information and belief, Ally is a furnisher of information under 15 U.S.C. § 1681s-2.

15. Upon information and belief, Barclays Bank Delaware (hereinafter "Barclays" or "the Furnisher") is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Nevada.

16. Upon information and belief, Barclays is a furnisher of information under 15 U.S.C. § 1681s-2.

## IV. GENERAL ALLEGATIONS

17. Plaintiff obtained credit though Barclays Bank Delaware (hereinafter the "Barclays Debt").

18. Plaintiff settled the Barclays Debt in May 2020 with a payment of $1,400, with the payment processed by Barclays in May 2020.

19. Barclays' furnished information to the Credit Bureaus that Plaintiff was late in June 2020, where the payment to Barclays had been made the month before.

20. The Plaintiff disputed the Barclays matter with each of the Credit Bureaus.

21. The Credit Bureaus continued to publish false information in the form of reporting the account as a Charge Off where it was settled for less than full value.

22. Additionally, Plaintiff obtained credit in the form of an auto loan through Ally Financial (hereinafter the "Ally Debt").

23. Plaintiff settled the Ally Debt with Ally with a payment on January 25, 2020.

24. The payment to Ally was sent certified mail and received by Ally on January 29, 2020, in time for processing prior to the end of the month as January 30 and January 31 were non-holiday weekdays.

25. Ally failed to timely process the payment and note Plaintiff's account.

26. As a result, Ally furnished information to the Credit Bureaus that Plaintiff was thirty days late in February 2020.

27. Plaintiff was not late in February 2020 because the Ally received the payment in January 2020.

28. Plaintiff disputed the matter with the Credit Bureaus.

29. While Equifax fixed the error, TransUnion and Experian failed to do so

30. Barclay and Ally furnished false information to the Credit Bureaus consistent with the above facts.

31. The Credit Bureaus, Barclays and Ally failed to conduct a thorough investigation into this dispute consistent with the above facts.

V. **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
Against the Credit Bureaus
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

32. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

33. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureaus concerning Plaintiff.

34. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureaus were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF**
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

37. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

38. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Ally and/or Barclays; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureaus had reason to know is unreliable.

39. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

40. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**THIRD CLAIM FOR RELIEF**
**Against Ally**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

42. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

43. Ally violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the Ally Debt representation within Plaintiff's credit file with the Credit Bureaus without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Ally Debt representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ally Debt representations to the consumer reporting agencies.

44. As a result of this conduct, action and inaction of Ally, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45. Ally's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorney fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**FOURTH CLAIM FOR RELIEF**
**Against Barclays**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

47. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

48. Barclays violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the Barclays Debt representation within Plaintiff's credit file with the Credit Bureaus without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Barclays Debt representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Barclays Debt representations to the consumer reporting agencies.

49. As a result of this conduct, action and inaction of Barclays, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50. Barclays' conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover costs and attorney fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FCRA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 30th day of December, 2020.

COGBURN LAW

By: /s/Erik W. Fox
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*